## Maier Estate

352

*H. Eugene Heine*, for accountant.

KLEIN, P. J., May 16, 1952. — B. J. Maier, also known as Bernard J. Maier, died on January 29, 1951, intestate and unmarried, . . .

The estate is hopelessly insolvent by reason of the fact that the Collector of Internal Revenue of the United States presented a claim for additional income taxes due by decedent, in the sum of $30,978.89, with interest thereon, from November 7, 1950, which is admitted by the accountant. In addition to this claim the following claims of creditors are listed in the statement of proposed distribution:

| | |
|---|---|
| Jefferson Hospital—Balance | $82.95 |
| Dr. John H. Gibbon—Operation | 750.00 |
| Phila. Gas Works, December 21, 1950, to January 24, 1951 | 1.09 |
| Phila. Electric | 5.00 |
| Bell Telephone, December 16, 1950, to January 16, 1951 | 5.95 |
| Lit Brothers—Merchandise | 61.51 |
| Strawbridge & Clothier—Merchandise | 60.33 |

The claims of the Jefferson Hospital and of Dr. John H. Gibbon are for hospitalization and medical services rendered decedent within six months of his death and are therefore preferred under Pennsylvania law. The question therefore arises whether the claim of the United States Government is to be paid in full to the exclusion of the claims preferred under the Pennsylvania Fiduciaries Act, as there are not sufficient funds on hand to pay all claims of creditors.

It seems clear that legislation enacted by the States is subordinate to the Federal statute giving the United

States Government priority of payment in the distribution of insolvent estates of decedents: Kuhn's Estate, 146 Pa. Superior Ct. 1 (1941).

In the estate of Robert H. Gunnis, deceased, no. 1524 of 1937 (not reported), the present auditing judge reviewed at considerable length the question of the conflict of preferences created under the Federal statute in favor of the United States Government and those created under section 13 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447. In that adjudication it was held that claims of the United States Government have precedence over all other creditors and are subject only to the payment of administration expenses, the widow's exemption, and the funeral expenses. See also Kramer Estate, no. 1302 of 1943 (O. C. of Philadelphia, not reported).

Although section 622 of the Fiduciaries Act of April 18, 1949, P. L. 512, effective January 1, 1950, modifies to some extent the provisions of section 13 of the Act of 1917, it is in effect substantially a reënactment of that section. Moreover, it specifically provides that payments in insolvent estates shall be made "subject to any preference given by law to claims due the United States". Since the Federal statute giving priority to claims of the United States is still in effect, it seems clear that the right to priority to which the United States Government was heretofore entitled has in no way been changed or modified by the new statute.

The auditing judge therefore concludes that the order of preference approved in Gunnis Estate, supra, still prevails in this State. The claim of the United States Government for delinquent income taxes must therefore be paid in full before any payment can be made on account of the claim of the Jefferson Hospital and Dr. John H. Gibbon, and it will be so awarded. . . .